[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/08/99
THOMAS K. KAHN
CLERK

_____

No. 99-10002

_____

D. C. Docket No. 96-03288-CV-N-S

TIMOTHY FULLER,

Petitioner-Appellee,

versus

ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 8, 1999)**

Before ANDERSON, Chief Judge, COX and HULL, Circuit Judges.

PER CURIAM:

The district court granted relief to Timothy Fuller on his 28 U.S.C. § 2254 petition challenging an Alabama conviction for possession of cocaine. Alabama's attorney general appeals, and we reverse.

*Background*

Fuller was arrested in a drug raid on an apartment in Midfield, Alabama. Two or three other men were in the apartment at the time. One of them jumped out the back window, injuring himself, and another was caught rushing to the bathroom with about 25 gm of cocaine.

According to police testimony at trial, the raiders found Fuller seated on a sofa in the sparsely furnished living room. Before him on a coffee table were various tools of the drug trade, including baggies, wire, and a beeper. There was also a set of keys that included a key to the apartment; the police attested that Fuller admitted ownership of the keys, and they indeed returned all the keys but the apartment key to him. In addition to this evidence of Fuller's connection with the apartment, the State introduced mail addressed to Fuller that was found in the kitchen trash can.

Fuller took the stand on his own behalf. He denied ownership of anything in the apartment. He had been in the apartment, he explained, to pick up a car for his employer, a garage, and he had only been in the apartment for about five minutes before the raid. Fuller's boss corroborated this testimony. Fuller also swore that

the baggies were not on the coffee table until the police arrived and placed them there.

Fuller's direct appeal from his cocaine-possession conviction failed. He then sought postconviction relief under Alabama Rule of Criminal Procedure 32. One of his claims was that his trial lawyer, Daniel Wainscott, did not provide effective assistance of counsel because he failed to interview or call as a witness Floyd Griffin. Griffin was another one of the men in the apartment at the time of the raid; he pleaded guilty to possession of cocaine and was incarcerated at the time of Fuller's trial. According to Griffin's affidavit, which Fuller filed in the Rule 32 proceedings, Griffin would have testified that all of the drugs and tools of the drug trade in the apartment belonged to him, and that Fuller arrived only minutes before the raid on an innocent mission to get a car.

The state courts rejected this claim. The trial court found that Wainscott's failure to call Griffin smacked of a tactical decision, and that Fuller had failed to overcome the presumption of reasonableness afforded such decisions. The Alabama Court of Criminal Appeals agreed, and it added a further reason for denying relief: there was no reasonable probability that the jury would have acquitted Fuller after hearing Griffin's testimony, both because Griffin was, as a convict, incredible and because by saying the baggies were his, he would have

3

contradicted Fuller's implication that the police had planted the baggies on the coffee table.

Twice rebuffed in state court, Fuller filed this § 2254 petition in December 1996, after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),[1] again asserting this ineffective-assistance-of-counsel claim. This time, it fell on more receptive ears. On a magistrate judge's recommendation, the district court refused to defer to the state-court findings of fact because the state court failed to hold a hearing. It then ordered an evidentiary hearing. Notwithstanding 28 U.S.C. § 2254(d), which requires deference to most state-court findings of fact and conclusions of law,[2] the district court concluded that Wainscott provided ineffective assistance and granted the writ.

---

[1]     Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2]     To quote:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The state appeals, arguing that the state courts were right and that the federal courts must defer to them. We review de novo the district court's conclusions of law and mixed conclusions of law and fact. *See Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).

*Discussion*

To prove ineffective assistance of counsel, Fuller has to show both that his counsel performed deficiently and that there is a reasonable probability that the outcome would have been different but for the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). Whether Fuller has satisfied the second element is a mixed question of fact and law. *See id*. at 698, 104 S. Ct. at 2070. The Alabama Court of Criminal Appeals resolved this question against Fuller.

Federal courts owe the court of criminal appeals' conclusion a measure of deference under the post-AEDPA version of § 2254(d). *See* 28 U.S.C. § 2254(d)(1) (as amended by Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218 (1996)). How much deference, though, is not a completely settled question of law. This circuit has prescribed a standard based on the statute. *See Neelley v. Nagle*, 138 F.3d 917, 924 (11th Cir. 1998) (adopting an error-not-debatable-among-reasonable-jurists standard for mixed questions of fact and law). But the Supreme Court has granted certiorari to consider, and presently has under submission, a case

5

presenting the question of § 2254(d)(1)'s import. *See Williams v. Taylor*, 119 S. Ct. 1355 (1999) (grant of certiorari in part to address Fourth Circuit's construction of § 2254(d)(1)).

Rather than build on shifting sand, we conclude here that even if we were applying § 2254(d) in its pre-AEDPA form — under which we owed no deference *at all* to state-court conclusions on mixed questions of law and fact,[3] although we respected record-supported state fact-finding[4] — we would still have to reverse the district court. The court of criminal appeals found, and the record implies, that Griffin's story undermined Fuller's testimony that the police placed the baggies on the table in front of him. The state court also found, with record support from Griffin's affidavit, that Griffin was convicted for drug possession for his actions in the same apartment Fuller was in; thus, the jury could well have viewed Fuller as a bird of the same feather. Finally, the state court found, again with support from Griffin's affidavit, that Griffin was a convict offering exculpatory testimony to a companion at no cost to himself. That fact, as the state courts reasonably noted, cast a significant cloud on Griffin's potential credibility before the jury. All of these circumstances persuade us that there is no reasonable probability that, but for the lack of Griffin's testimony, the jury would have acquitted Fuller. Fuller thus

---

[3] *See Horton v. Zant*, 941 F.2d 1449, 1461 (11th Cir. 1991).

[4] *See Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998).

did not satisfy *Strickland*'s prejudice prong, and he was not entitled to relief on his *Strickland* claim.

## Conclusion

For the foregoing reasons, we reverse the district court's grant of relief.

REVERSED.